WEAVER, J.
(dissenting). I respectfully dissent from the majority’s holding that the defense counsel was constitutionally ineffective.
The older sister initially told everyone, including her treating physician, that she had been injured in a bicycle accident. At trial, the older sister testified that there had been no bicycle accident and that her injury had resulted from defendant’s sexual assault. The lead opinion’s finding that defense counsel was constitutionally ineffective is based on defense counsel’s pretrial failure to investigate to determine if the bicycle accident had in fact occurred.
The lead opinion’s basic premise is unsupported because there is nothing in the record to show that defense counsel knew of the older sister’s inconsistent statements before trial. The lead opinion relies on one source of information—a report by the second doctor—to support its theory that defense counsel knew or should have known before trial that the older sister had given inconsistent statements about the cause of her injury before trial.
This report by the second doctor is not in the record before us. No one testified about the contents of the referenced report, nor was the report admitted into evidence. The lead opinion’s assertion that the second doctor’s report may have indicated that the older sister had inconsistently described the cause of her injuries is mere speculation, unsupported by the record.
Rather, the evidence properly before us indicates that defense counsel had no reason to know that the older sister would testify that there had been no bicycle *520 accident. In the June 7, 2000, Ginther[1] hearing defense counsel repeatedly testified that the accident was not disputed:
Q. Would it have been of assis-, of assistance to have an eyewitness to the accident?
A. Only if it was disputed. The accident was not disputed. The girl never disputed it. [The sisters’ uncle] testified what he, or was willing to testify to what he observed. And it, and one of, one of the things that he observed was the girl saying, “I had an accident.”
Q. Alright. Maybe to the extent that it might have assisted in the defense of the position that any injuries that the girl sustained, she sustained as a result of the bicycle accident?
A. No. Maybe to the extent if the, if the accident was disputed, helping the jury decide whether the accident actually occurred or not. But there was no dispute that the girl said to [her uncle], in [her uncle’s] presence and in the presence of his sister, that she fell. She had an accident. So that issue was not in dispute.
A. No, my te-, my statement all this morning has been that I didn’t think we needed to prove that the accident occurred because I didn’t think the occurrence of the accident was in dispute.
The excerpts from the Ginther hearing that the lead opinion quotes, ante at 490, to support the proposition that “defense counsel acknowledged that it was important to establish that the bicycle accident occurred” actually demonstrate that prior to trial defense counsel did not know that it would be important to establish that a bicycle accident had occurred.
*521 Further, on January 24, 2001, defendant filed a “proposed statement of facts” with the circuit court. Defendant’s proposed statement of facts included two points which indicated that the trial counsel did not know before trial that the accident was disputed:
31. Goldstein [trial counsel] did not call an eye witness to the bike accident at the trial and did not think that an eye witness would have been of any assistance to him since he believed that the bike accident was not disputed by the alleged victim.
32. Goldstein did not believe that an eyewitness to the bike accident was important for purposes of linking the alleged victim’s injury to the bike accident since he felt that such an eyewitness would have only been important to the Defendant’s defense if the bike accident itself was in dispute, TR 40, and that the only thing an eyewitness to the bike accident could testify to was that the accident occurred. TR 91. Goldstein, however, did not believe that the bike accident was in dispute or that the same was “relevant.” TR 40; 89; TR 110.
The filing concluded with the plea that “Defendant hereby requests that this Honorable Court adopt the above reference facts as the relevant facts applicable to the issue of whether or not Defendant’s trial attorney was effective, as limited by the Court of Appeals.” January 24, 2001, proposed statement of facts.
I agree with Chief Justice CORRIGAN and Justice YOUNG that defendant did not meet his burden of showing that his attorney’s performance fell below an objective standard of reasonableness and that, but for counsel’s errors, there is a reasonable probability that the result of the proceeding would have been different. People v Pickens, 446 Mich 298; 521 NW2d 797 (1994) (adopting the Strickland v Washington, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 [1984], standard of ineffective assistance of counsel). There is no evidence *522 in the record before us to show that defense counsel knew of the older sister’s inconsistent statements before trial; rather, the evidence properly before us indicates that defense counsel had no reason to know that the older sister would testify that there had been no bicycle accident. I would affirm the decision of the Court of Appeals.
CORRIGAN, C.J., and YOUNG, J., concurred with Weaver, J.

 People v Ginther, 390 Mich 436; 212 NW2d 922 (1973).